## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ARKANSAS,

### AT THE

## DECEMBER TERM, A. D. 1867.

---

GRIDER, *et al.*, *v.* WILLIAMS.

The affidavit in a proceeding by attachment may be taken before a commissioner for Arkansas in another State.

*Appeal from Jackson Circuit Court.*

Hon. L. L. MACK, Circuit Judge.

WATKINS & ROSE, for appellants.

The court below conceived that a commissioner of deeds could not take the affidavit for an attachment. The law could not be plainer. See *ch. 32 Dig., secs. 1 and 2;* also, *Lafferty v. Lafferty, 10 Ark., 268.*

STILLWELL & WASSELL, for appellee.

As long as *Edmondson v. Carnall*, *17 Ark.*, *284*, is recognized as the law of the land—and it has stood too long to be over-ruled upon slight grounds—there is no doubt that the plea is good. The proceeding by attachment must stand or fall upon its conformity to the statute giving the remedy; and it may fairly be inferred that the Legislature never intended to permit a party, availing himself of the extraordinary benefits of this proceeding, to depart from the mode of taking the affidavit prescribed by the statute giving the remedy; because, if such affidavit be false, the party would be beyond the reach of pun-ishment; and, too, the affidavit would necessarily be anterior to the issuing of the writ, and the defendant, though absent from the State when the affidavit was made, might be a resident at the time of issuing the writ.

GARLAND & NASH, for appellee.

We insist on these propositions:

1.   The attachment law must be construed strictly, and the court cannot cure a departure in the proceedings from the law. *2 Eng.*, *358*; *Ib.*, *359*; *18 Ga.*, *283*.

2.   No one could administer the affidavit here except a judge, justice of the peace, or clerk within the State, as prescribed in the attachment law. *Sec. 4, ch. 17, Gould's Dig.*; *10 Ark.*, *268*; *Edmondson v. Carnall*, *17 Ark.*, *284*.

3.   The act creating commissioners gave them no authority to take such affidavits; they can take affidavits only to carry out the mere purposes of their office, which are entirely and altogether foreign to any thing growing out of or connected with attachments. *Sec. 9, p. 808, Dig.*

4.   The act creating these commissioners cannot be construed as repealing or amending the attachment act in this respect, the latter being a general and the former a special act. *2 Dwarris*, *533*; *Sedgwick on Construction*, *123–129*.

Compton, J.

The only question in this case is, whether the affidavit in a proceeding by attachment may be taken before a commissioner for Arkansas in another State.

Our statute prescribing the mode of procedure in cases of attachment in the circuit courts, provides that the affidavit may be taken before any judge or justice of the peace within this State, and that the attachment may be issued by any clerk, with whom the affidavit may be filed, in the same manner as if it had been taken before such clerk. *Gould's Dig.*, *chap. 17*, *sec. 4.* Subsequently, the act of December 19, 1846, was passed, authorizing the appointment of commissioners for Arkansas, which provides that the Governor may appoint, in any other State or Territory of the United States, one or more commissioners, " who shall have power to administer oaths and affirmations, and to take depositions, affidavits, and the proof and acknowledgment of deeds, or other instruments of writing, under seal, to be used or recorded in this State;" and that "all oaths administered by the said commissioners, all affidavits and depositions taken by them, and all acknowledgments, &c., aforesaid, certified by them, shall be as effectual in law, to all intents and purposes, as if done and certified by any justice of the peace, or other authorized officer, within this State." It is insisted by the counsel for the appellee that the statute authorizing proceedings by attachment must be strictly construed, and that where special power is conferred on a commissioner, created by statute, he cannot act outside of that power. Admitting these propositions to be maintainable, they have no bearing upon the question under consideration. The language employed in the act of December, 1846, is broad and comprehensive, empowering the commissioner to take affidavits generally, which are to have the same effect as if taken before an authorized officer within this State; and this in no wise affects the act concerning attachments, further than merely to provide for an additional officer before whom the affidavit may

be taken. Upon any rule of construction that may be applied, it is obvious that the commissioner had authority, under the before-mentioned enactments, to take the affidavit in question. *Lafferty v. Lafferty, 5 Eng., 268; Fergus v. Hoard, 15 Ill., 360.*

True, in *Edmondson v. Carnall, 17 Ark., 284,* a plea in abatement, that the affidavit in attachment was not taken before any judge, justice of the peace, or clerk of any of the circuit courts within this State, was held good on demurrer; but in that case, the act of December, 1846, was not referred to in the argument, and was no doubt overlooked by the court—otherwise the plea, we suppose, would have been held bad, as it did not exclude the presumption that the affidavit was taken before a commissioner.

The result is that the court below erred in sustaining the defendant's demurrer to the plaintiffs' replication; for which error the judgment must be reversed, and the cause remanded for further proceedings.